IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TRELAUNI SCOTHERN,                                  No.  6:13-CV-01889-HZ

              Plaintiff,                              OPINION & ORDER

    v.

CAROLYN COLVIN, Acting Commissioner,
Social Security Administration,

              Defendant.


Rory Linerud
Linerud Law Firm
P.O. Box 1105
Salem, OR 97308

       Attorney for Plaintiff

S. Amanda Marshall
U.S. Attorney's Office
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204


1 - OPINION & ORDER

Lars J. Nelson
Social Security Administration
Office of the General Counsel
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA 98104

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

      Plaintiff Trelauni Scothern ("plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). Because the Commissioner's decision is supported by substantial evidence, the decision is AFFIRMED.

BACKGROUND

      Born in December, 1977, plaintiff was 27 years old on alleged onset date of December 6, 2004, which she later amended to April 8, 2005. Tr. 537, 556. She speaks English and completed high school with special education classes. Tr. 556-57. Plaintiff has past work experience as a landscaper, commercial dehydrator, and horse trainer and caretaker. Tr. 49, 143, 220, 240, 692, 698, 799, 1002. Plaintiff filed an application for SSI on April 8, 2005, alleging disability due to fibromyalgia, migraines, asthma, learning disorder, depressive disorder, post-traumatic stress disorder, and asocial personality disorder. Tr. 543.

      The Commissioner denied plaintiff's application initially and upon reconsideration, and she requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 42-47. An administrative hearing was held on February 11, 2008 before ALJ Jean Kingrey. Tr. 454-516. On February 29, 2008, ALJ Kingrey issued a written decision denying plaintiff's application. Tr. 14-21. The Commissioner's decision was reversed and remanded by order of U.S. District Court

Judge Ancer Haggerty on March 16, 2010. Tr. 574-78.   The Appeals Council accordingly remanded the case to the ALJ with instructions. Tr. 581-85.

Prior to Judge Haggerty's order, plaintiff filed another application for SSI on September 22, 2008, alleging a disability onset date of December 6, 2004.  Tr. 538.  That application was consolidated with plaintiff's 2005 SSI application by order of the Appeals Council on June 8, 2010.[1]  Tr. 585.

On remand, ALJ John J. Madden, Jr., considered plaintiff's consolidated application for SSI. On December 2, 2011, ALJ Madden issued a written decision denying plaintiff's claim. Tr. 540-58. The Appeals Council declined to assume jurisdiction, making the ALJ's decision the final Agency decision. 20 C.F.R. § 422.210 (2014). This appeal followed.

## SEQUENTIAL DISABILITY ANALYSIS

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated according to a five-step procedure. See Valentine v. Comm'r, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920(b). At step two, the Commissioner determines whether the

---

[1] Plaintiff also filed an application that was denied on the merits on March 28, 2003. Because plaintiff did not appeal the 2003 decision, it became the final order of the Commissioner. Thus the period of adjudication for plaintiff's application is March 28, 2003 through the date of her second filing. See Tr. 539.

claimant has a "medically severe impairment or combination of impairments." <u>Yuckert</u>, 482 U.S. at 140-41; 20 C.F.R. § 416.920(c). If not, the claimant is not disabled.

At step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." <u>Yuckert</u>, 482 U.S. at 141; 20 C.F.R. § 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. <u>Yuckert</u>, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity ("RFC") to perform "past relevant work." 20 C.F.R. § 416.920(e). If the claimant can, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. At step five, the Commissioner must establish that the claimant can perform other work. <u>Yuckert</u>, 482 U.S. at 141-42; 20 C.F.R. § 416.920(e) & (f). If the Commissioner meets his burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. § 416.966.

THE ALJ'S DECISION

The ALJ performed the sequential analysis. At step one, he found that plaintiff had engaged in disqualifying substantial gainful activity since March 29, 2003. Tr. 541. At step two, the ALJ found plaintiff had the following severe impairments: possibly fibromyalgia; migraines; asthma; written learning disorder; depressive disorder; post-traumatic stress disorder; asocial personality disorder; and intermittent polysubstance abuse, reportedly in remission. Tr. 543. At step three, the ALJ found that plaintiff's impairments did not meet or medically equal a listed impairment. Tr. 545.

The ALJ next assessed plaintiff's RFC and determined that plaintiff retained the ability to perform light exertional work with the following limitations: she can lift and/or carry 20 pounds occasionally and 10 pounds frequently; she can stand, walk, and/or sit for six hours total over a period of eight hours; she can push and/or pull 20 pounds occasionally and 10 pounds frequently; she must avoid climbing ladders, ropes and scaffolds; she must avoid moving machinery, heights and hazards; she must avoid respiratory irritants, dust fumes, and smoke; she can perform unskilled work and understand, remember, and carry out simple, routine instructions; she can maintain attention and focus on simple tasks and routines; she cannot reliably interact with the public; she needs limited interaction with coworkers on projects that require cooperation and teamwork. Tr. 547. At step four, the ALJ found that plaintiff was unable to perform any of her past relevant work. Tr. 556. At step five, the ALJ concluded that plaintiff could perform jobs that exist in significant numbers in the national economy, including bench assembler, eyeglass frame polisher, and basket filler. Tr. 557. Accordingly, the ALJ found that plaintiff was not disabled. Tr. 558.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

This court must weigh the evidence that supports and detracts from the ALJ's conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. Id. (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)); see also Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. Id.; see also Batson, 359 F.3d at 1193. However, this Court cannot now rely upon reasoning the ALJ did not assert in affirming the ALJ's findings. Bray, 554 F.3d at 1225-26 (citing SEC v. Chenery Corp., 332 U.S. 194, 196 (1947)); see also Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (citing same).

DISCUSSION

Plaintiff argues that the ALJ erred by (1) failing for follow the remand order; (2) failing to include limitations associated with her migraine headaches in the RFC; (3) failing to credit the lay testimony; and (4) relying on VE testimony that conflicted with the DOT.

As an initial matter, the Court rejects plaintiff's argument that the ALJ erred because he failed to comply with the District Court and the Appeals Council when rendering his opinion. Pl.'s Br. 2. The Regulations provide that the ALJ "shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 416.1477(b). Nevertheless, failure to follow a remand order is not a proper basis for the reviewing court to reverse or remand the ALJ's final decision regarding a claimant's disability. See Strauss v. Comm'r Soc. Sec. Admin., 635 F.3d 1135, 1136–1138 (9th Cir. 2011) (district court erred in awarding benefits for failure to follow remand order without first ascertaining whether the claimant was disabled). Rather, "[t]he ALJ's errors are relevant only as they affect that analysis on the merits." Strauss, 635 F.3d at 1138. Thus, the

issue before the court is whether the ALJ's decision is supported by substantial evidence and free of legal error. <u>Perry v. Comm'r</u>, 2015 WL 400631 at *10-11 (D. Or. Jan. 28, 2015).

Here, at step one of the sequential disability analysis, the ALJ found that plaintiff had engaged in disqualifying substantial gainful activity after her alleged onset date. Tr. 541. As noted, if the Commissioner determines at step one that a claimant has engaged in "substantial gainful activity," the claimant is not disabled. <u>Bowen</u>, 482 U.S. at 140; 20 C.F.R. § 416.920(b).

The ALJ based his step one finding on substantial evidence in the record, including evidence from multiple sources that plaintiff worked "under the table" as a landscaper and horse trainer after the alleged onset date, despite making inconsistent reports about her work history. Tr. 541 (citing Tr. 49, 220 (May 16, 2005 note from clinical and forensic psychologist Robert Basham, Ph.D., that plaintiff's work has been "under the table"), 240 (September 1, 2005 note from licensed psychologist Pamela Joffe, Ph.D., that plaintiff reported she has not worked since December of 2004), 692 (statement from plaintiff that she has "not worked since Feb. 11, 2008"), 698, 799, 821 (treatment note dated June 22, 2009 stating that plaintiff is a horse trainer), 1002 (treatment note dated December 2, 2010 stating that plaintiff trains horses and is "a dedicated equestrian")); <u>see also</u> SSR 94-1c, 1994 WL 8408 (Jan 12, 1994) (unlawful activity can constitute substantial gainful activity). Plaintiff's earnings records also reveal that plaintiff was able to sustain employment at multiple jobs during the relevant period. Tr. 51, 63, 102, 541-44, 637, 646, 655.

After reviewing the record, the Court concludes that the ALJ's disability finding was supported by substantial evidence.[2] <u>See</u> <u>Bray</u>, 554 F.3d at 1222. Because the ALJ's step one finding entails that plaintiff is not disabled under the Regulations, the Court need not consider

---

[2] The Court also notes that plaintiff does not challenge the ALJ's step one finding anywhere in her briefing. *See* Pl.'s Br.

7 - OPINION & ORDER

plaintiff's other arguments, as any errors were therefore harmless. <u>Bowen</u>, 482 U.S. at 140;

<u>Molina v. Astrue</u>, 674 F.3d 1104, 1115 (9th Cir. 2012) ("an error is harmless so long as there

remains substantial evidence supporting the ALJ's decision and the error 'does not negate the

validity of the ALJ's ultimate conclusion'"). The Commissioner's decision is affirmed.

CONCLUSION

Based on the foregoing, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

Dated this ___10___ day of ___March___, 2015

MARCO A. HERNÁNDEZ
United States District Judge